UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC W.L. MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-3367 |
| | § | |
| PUCKETT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION ON DISMISSAL

Plaintiff, an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) proceeding *pro se* and *in forma pauperis* (IFP), filed this civil rights suit pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint alleges that Defendants violated his constitutional rights by identifying him as a gang member and placing him in segregated confinement without due process.  (Docket No. 1.)  For the reasons to follow, the Court will dismiss the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

Plaintiff is presently serving a life sentence on a 2004 conviction out of El Paso County, Texas, for solicitation to commit capital murder.  TDCJ-CID website.[1]  Plaintiff alleges that although he has no gang affiliations, Sergeant Puckett, a gang intelligence officer, wrongly determined Plaintiff to be a member of the Barrio Azteca gang.  (Docket No. 1 at 4.)  Based on this determination Petitioner was classified as a Security Threat Group (STG) inmate and placed in administrative segregation, allegedly without due process.  Plaintiff asserts that the conditions in segregated confinement are detrimental to his mental health and violate his right to equal protection of the laws.  Plaintiff also alleges that his misclassification places him in danger from

---

[1] http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=04864856 (viewed December 4, 2014).

gang members and that he has been threatened for falsely claiming gang affiliations. Finally, Plaintiff alleges that Assistant Warden Lacox upheld Plaintiff's classification and refused to take action on Plaintiff's grievances regarding the matter. Plaintiff seeks a hearing to review his classification, a declaration that he is not a gang member, and an order requiring his return to general population.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis* his complaint is governed by the Prison Litigation Reform Act ("PLRA"), which requires the district court to scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e), and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to liberal construction, including drawing all reasonable inferences in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

### III. DISCUSSION

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Plaintiff's allegations do not satisfy each of these requirements.

Plaintiff first alleges that Defendants denied him procedural due process by determining him to be a gang member, classifying him an STG inmate and placing him in administrative segregation without giving him proper notice and an opportunity to review the evidence against him and present a defense. (Docket No. 1.) However, even construed liberally, these allegations do not show a violation of a constitutionally protected liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that prisoner's placement in administrative segregation due to allegedly false information in his file indicating that he was a gang member did not constitute a deprivation of a constitutionally protected liberty interest). An inmate has no protected liberty or property interest in custodial classifications. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The classification of inmates is left to the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Because Plaintiff lacks a constitutionally protected liberty interest in his classification status, he cannot state a claim under the Due Process Clause based on his classification and attendant housing assignment. *See Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). To the extent Plaintiff complains that Defendants did not follow prison regulations with respect to his classification proceedings, the

Fifth Circuit has held that a violation of prison regulations alone does not give rise to a constitutional claim. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996). Thus, Plaintiff's due process allegations are insufficient to state a claim.

Plaintiff's equal protection claim is also flawed. Plaintiff's assertion that he was deprived of equal protection of the laws by being labeled a gang member, classified an STG inmate, or placed in administrative segregation is conclusory. Plaintiff does not allege any facts showing that he suffered disparate treatment compared with similarly situated prisoners as a result of the prison's security-related decisions. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Nor has Plaintiff shown that he is being treated any differently from other similarly situated inmates in administrative segregation.

Plaintiff's allegations do not show that Defendants subjected Plaintiff to cruel and usual punishment by placing him in danger from other inmates. Plaintiff has not alleged facts showing that Defendants were deliberately indifferent to any specific threat to Plaintiff's safety. To do so, Plaintiff must show that Defendants were aware of specific facts from which they could infer that Plaintiff faced a substantial risk of harm, that they actually drew such an inference, and that they failed to take action to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1991) (stating that to prevail, plaintiff must show prison officials were deliberately indifferent to his need for protection). Here, even if defendants were aware of a threat to Plaintiff, they clearly took steps to alleviate the threat by placing Plaintiff in segregated confinement. Plaintiff does not allege that Defendants published the reasons for Plaintiff's classification to other inmates; in fact, Plaintiff states that officers refused to even tell him the exact reasons for the decision. Nor does Plaintiff allege any facts to support

his allegation that his placement in administrative segregation is detrimental to his mental health.[2]

Finally, Plaintiff complains that prison administrators failed to properly address or resolve Plaintiff's grievances regarding his classification, housing assignment and prison conditions. However, it is well established that inmates do not have a federally protected liberty interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Moreover, Plaintiff fails to show that administrators were personally involved with any deprivation of Plaintiff's constitutional rights or that their action or inaction was connected to any constitutional violation. *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996).

Because Plaintiff's allegations fail to state a claim on which relief can be granted under 42 U.S.C. § 1983, his Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B).

2. All pending motions, if any, are **DENIED**.

The Clerk will provide a copy of this order to Plaintiff and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

---

[2] Even if Plaintiff could show some mental or emotional harm resulting from his placement in administrative segregation, it would still be insufficient to state a claim. Under the PLRA, claims for damages based on mental or emotional injury are not cognizable absent a showing of actual physical injury. 42 U.S.C. § 1997e(c). Although the statute does not define "physical injury," the Fifth Circuit has held that the injury must be "more than *de minimus*." *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999).

SIGNED at Houston, Texas, this 12th day of February, 2015.

                                        MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE